UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ELIJAH WHOOPER,

            *Plaintiff*,

-against-

AFFIRM, INC., CREDENCE RESOURCE
MANAGEMENT, LLC, NCB MANAGEMENT
SERVICE, INC., EQUIFAX INFORMATION SERVICES
LLC, EXPERIAN INFORMATION SOLUTIONS

            *Defendants*.

24-CV-1638 (ARR) (RML)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

Plaintiff, Elijah Whooper, initiated this action against defendants in New York state court, alleging violations of the Fair Credit Reporting Act ("FCRA"). *See* Notice of Removal, Ex. A at 9 ("Compl."), ECF No. 1-1. Plaintiff commenced his suit on January 30, 2024. *See id*. On March 5, defendant Affirm, Inc.[1] removed the action to this court, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See* Notice of Removal, ECF No. 1; *id*. ¶ 2. I then issued an Order to Show Cause instructing Affirm to submit a letter addressing "whether the allegations in the Complaint are sufficient to establish plaintiff's standing under Article III, consistent with the Supreme Court's decision in *Transunion LLC v. Ramirez*, 594 U.S. 413 (2021)." Docket Order dated March 8, 2024. Affirm submitted a responsive letter on March 19, and plaintiff replied on April 18. *See* Resp. Order to Show Cause by Affirm ("Affirm Letter"), ECF No. 17; Letter by

---

[1] Plaintiff names "Affirm Holdings, Inc." in his Complaint, Compl. 9; however, the removing defendant states that this name is "erroneous[]" and that it is properly named "Affirm, Inc.," Notice of Removal 1, ECF No. 1  For the purposes of this opinion, I use "Affirm, Inc." or "Affirm" to refer to the removing defendant.

Elijah Whooper ("Pl. Letter"), ECF No. 27. For the reasons below, I conclude that this court lacks jurisdiction over plaintiff's suit, and I therefore remand the action to state court.

## DISCUSSION

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "The removing defendant has the burden of establishing federal jurisdiction." *Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 141 (2d Cir. 2021). Moreover, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A district court may remand an action *sua sponte* if it determines subject matter jurisdiction is lacking. *See O'Neill v. Target Corp.*, No. 21-CV-3262 (PKC), 2021 WL 2634880, at *1 (E.D.N.Y. June 25, 2021) (citing *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 133 (2d Cir. 2006)).

A federal court does not have subject matter jurisdiction if the plaintiff bringing the action lacks Article III standing. *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC*, 433 F.3d 181, 198 (2d Cir. 2005). To establish Article III standing, a plaintiff must demonstrate that, among other things, she has suffered an "injury in fact" that is "concrete and particularized." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (quotation omitted). In *TransUnion v. Ramirez*, the Supreme Court explained that, to be "concrete," an alleged injury must have "a close historical or common-law analogue." 594 U.S. at 424. Per this requirement, it is not sufficient for a plaintiff to allege that a defendant violated her statutory right; rather, the plaintiff must also allege an injury that "has a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *Id*. at 424–27 (quotation omitted).

Here, the parties appear to agree that plaintiff's allegations are not sufficient to create Article III standing under *TransUnion*. Plaintiff submits that his allegations "are not sufficient to establish . . . standing," and further states that he "will not allege" facts necessary to establish standing. Pl. Letter 1. Affirm, whose burden it is to establish federal jurisdiction, concedes that the Complaint "is silent as to the specific harm suffered as a result of Affirm's alleged conduct," and states that it is "unable to opine on whether Plaintiff has standing under Article III to pursue this claim." Affirm Letter 1–2. I likewise find that no concrete harm is evident in the Complaint, and I conclude that Affirm has not met its burden of establishing federal jurisdiction.

In an effort to avoid remand, Affirm requests that I (1) "order Plaintiff to amend the Complaint to add facts specifically addressing whether Plaintiff has standing under Article III"; and (2) grant Affirm leave to conduct "jurisdictional discovery that would permit Affirm to confirm whether Plaintiff in fact has standing under Article III to pursue this claim." *Id*. at 2. Neither request is persuasive. First, plaintiff has already indicated that he "will not allege" facts necessary to establish Article III standing. Pl. Letter 1–2. I therefore see no purpose in ordering plaintiff to amend his Complaint to address this issue. Second, although a district court has discretion to order jurisdictional discovery, the Second Circuit has counseled against allowing "prolonged preliminary litigation over [a] removal issue simply because the defendant failed in the first instance to aver a proper jurisdictional basis for removal." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc*., 943 F.3d 613, 617–18 (2d Cir. 2019) (cleaned up); *see also Lowery v. Alabama Power Co*., 483 F.3d 1184, 1217 (11th Cir. 2007) (explaining that a court "should not reserve ruling on a motion to remand in order to allow the defendant to discover the potential factual basis of jurisdiction" because this type of "fishing expedition[]" risks "encouraging defendants to remove, at best, prematurely, and at worst, in cases in which they will

3

never be able to establish jurisdiction"). I find no reason to allow Affirm to conduct jurisdictional discovery here, particularly given that plaintiff has already indicated that he has not suffered a harm cognizable under Article III. *See Lettman v. Bayview Loan Servicing, LLC*, No. 19-CV-3204 (BMC), 2019 WL 2504015, at *2 (E.D.N.Y. June 17, 2019) (declining to allow jurisdictional discovery "to remedy [the defendant's] failure to 'secure jurisdictional details from original sources before making formal allegations'") (quoting *Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 693 (7th Cir. 2003)); *Lone Star Americas Acquisitions, Inc. v. SUSA Fin., Inc.*, No. 22-CV-8852, 2023 WL 3738982, at *2 (S.D.N.Y. May 31, 2023) (denying discovery request where there were "no colorable factual allegations" supporting jurisdiction). Affirm's requests are therefore denied.

## CONCLUSION

For the reasons above, I conclude that this court lacks subject matter jurisdiction and that remand is required under 28 U.S.C. § 1447(c). The case is therefore REMANDED. The Clerk of Court is respectfully directed to close this case and to mail a copy of this order to the New York State Supreme Court in Kings County.

SO ORDERED.

                                                              /s/
                                            Allyne R. Ross
                                            United States District Judge

Dated:        April 25, 2024
                Brooklyn, New York